IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPENCER ALLEN FORD, | ) |
|        Petitioner, | ) |
| vs. | ) CIVIL NO. 10-cv-224-DRH |
| W.A. SHERROD, | ) |
|        Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, an inmate serving a 66-month sentence in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 alleging that the Warden at FCI-Greenville, Respondent W.A. Sherrod, is violating his constitutional rights by (1) placing him in Residential Reentry Center (RRC) for a period of 180-days rather than a full 12 months; and (2) failing to make an individualized determination concerning Petitioner's placement in a RRC. Petitioner has paid the $5 filing fee for initiating the instant action.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases. After carefully reviewing the petition in the present case, the Court concludes that the instant petition should **not** be dismissed pursuant to Rule 4.

The Second Chance Act of 2007 provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of his final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008). The amended statute also requires the Federal Bureau of Prisons (BOP) to issue regulations designed to ensure that RRC assignments are "(a) conducted in a manner consistent with section 3621(b) of this title; (b) determined on an individual basis; and (c) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008).

In 2008, to give effect to the Second Chance Act and to cure infirmities in its prior policies,[1] the BOP adopted 28 C.F.R. § 570.22 (2008). *See Owusu-Sakyi v. Terrell*, 210 WL 3154833 (E.D. N.Y. Aug. 9, 2010) (discussing history of the BOP's regulations). The BOP's new regulation allows for community confinement in RRC's within the last 12 months of an inmate's custody in accordance with the Second Chance Act. *Id*. Furthermore, the BOP's new regulation requires the BOP to determine an inmate's pre-release community confinement on an "individual basis." *Id*.

---

[1] Under its prior policies, the BOP limited inmate RRC placements to the last ten percent of an inmate's term of imprisonment, a restriction that was found to impermissibly constrain RRC placement in contravention of the broad discretion afforded the BOP in the pre-amendment versions of 18 U.S.C. §§ 3621 and 3624. *See e.g., Levine v. Apker,* 455 F.3d 71, 75 (2nd Cir. 2006) (discussing case law which found prior BOP policy to be "contrary to the plain meaning of § 3621.").

Although both the amended statute and the new regulations authorize placement of an inmate in a RRC for up to the last 12 months of an inmate's confinement, Petitioner appears to assert that current BOP policy - either officially or unofficially - establishes six months or less as the usual (or default) time for RRC placement. Petitioner appears to assert that by establishing six months or less as the usual (or default) time for RRC placement, the BOP's policy impermissibly constrains the discretion afforded to it by statute to permit longer placements. Furthermore, Petitioner asserts that he was deprived on an individualized determination or consideration of the factors set forth in § 3621.[2]

Petitioner's habeas petition appears to raise claims that have not been previously considered by this Court. Furthermore, the Court has been unable to locate any Seventh Circuit case law to guide its preliminary review of the instant petition. Other federal courts, however, have treated similar claims as being actionable under § 2241 as challenges to the manner in which an inmate's sentence is being executed. *See e.g., Moncrieffe v. Yost*, 367 Fed. Appx. 286, 288 (3d Cir. 2010) (federal prisoner's challenge to the BOP's decision regarding placement in a community correctional facility is a a challenge to the execution of a sentence cognizable under § 2241).[3] Generally, these Courts have directed the Government to respond to the habeas petition. *Id.* at 288-89.

Finally, the Court notes that it appears that Petitioner has not exhausted his administrative

---

[2]It is not entirely clear whether Petitioner claims that the application of the "usual" or (default) time period of six months or less for RRC placement to him violates his right to an individual determination or whether he claims a complete failure to give him an individualized determination. At this point, however, the Court will construe the petition as asserting both claims.

[3]The Court, however, emphasizes the narrowness of the inquiry. Challenges to the BOP's decision-making process (i.e, did it consider the proper factors?) are cognizable under § 2241; but, challenges to the results of a properly conducted decision-making process are not. *Montcrieffe v. Yost*, 367 Fed. Appx. at 288.

remedies. Although exhaustion of administrative remedies is not a statutory pre-requisite for bringing a § 2241 action, a federal district court may require a petitioning inmate to exhaust his administrative remedies before seeking § 2241 relief. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). Petitioner correctly notes, though, that where exhaustion would be futile, it is not required. The Court makes no determination on Petitioner's claim that exhaustion is futile in this case and should not be required, but instead, the Court will direct the Respondent to address Plaintiff's exhaustion/futility argument in his reply.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. In addition to addressing the merits of the instant petition, the Respondent shall also address whether Petitioner should be required to exhaust his administrative remedies. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See*

Fed.R.Civ.P. 41(b).

    **IT IS SO ORDERED**.

    **DATED:** August 19, 2010.

                                            /s/    David R. Herndon
                                              **DISTRICT JUDGE**