IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SPENCER ALLEN FORD**,

**Petitioner,**

**v.**

**WARDEN JAMES CROSS,**[1]

**Respondent.**                                             **No. 10-0224-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Petitioner Spencer Allen Ford's habeas corpus petition pursuant to 28 U.S.C. § 2241(Doc. 1). Ford alleges that the Warden is violating his constitutional rights by failing to make an individual determination concerning his placement in a Residential Reentry Center ("RRC"). Respondent Cross opposes the petition (Doc. 15). Based on the following, the Court denies the petition and dismisses with prejudice this cause of action.

Ford is a 25-year old male incarcerated at the Federal Correctional Institution, Greenville, Illinois ("FCI Greenville"). He was convicted in the United States District Court for the Western District of Michigan for endangering human life

---

[1] James Cross is the current warden of the Federal Correctional Institution in Greenville, Illinois. Therefore, he is "... the person who has custody over [Petitioner]...." 28 U.S.C. § 2242. As such Warden Cross should be substituted for Warden Sherrod as the name respondent in this case.

while attempting to manufacture methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and 858.  On September 19, 2006, United States District Judge Bell sentenced Ford to a 66 month term of imprisonment and two years supervised release.  His projected release date is June 21, 2010, via good conduct time release.  Ford has been approved for RRC placement to commence on December 28, 2010.  Ford claims that his constitutional rights have been violated by placing him in RRC for a period of 180-days rather than the full 12 months and that an individualized determination was not made concerning his placement in the RRC.

## II.  Legal Standard

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of confinement.  ***Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994)**.  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States.  ***See* 28 U.S.C. § 2241(c)(3)**.  Under 18 U.S.C. § 3624(c) ("the Second Chance Act,") the Bureau of Prisons ("BOP") has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months.  Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional

facility.  *Id.*

The language of the Act clearly establishes that inmates are not entitled to the full 12 months of placement in a halfway house.  Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community.  *Id*.  The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.  The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP.  ***See Singleton v. Smith,* 2010 WL 744392, at \*1 (C.D. Ill. Feb 26, 2010);** ***Pence v. Holinka*, 2009 WL 3241874, at \*1 (W.D. Wis. Sept. 29, 2009);** ***Sessel v. Outlaw*, 2009 WL 1850331, at \*4 (E.D. Ark. 2009);** ***Woods v. Wilson*, 2009 WL 2579241, at \*2 (N.D. Ill. Aug. 19, 2009);  *Daraio v. Lappin*, 2009 WL 303995, at \*6 (D. Conn.  Feb. 9, 2009) ("…the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC…")**.

In exercising this discretion, the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "…provide the greatest likelihood of successful reintegration into the community…." **28 C.F.R. § 570.22.**  18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

(1) the resources of the facility contemplated;

> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

**18 U.S.C. § 3621(b)**.

"If the [BOP] considers the relevant factors in making its determination, a challenge…could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." ***Woods* at \*2, *citing Tristano v. Federal Bureau of Prisons*, 2008 WL 3852699, at \*1 (W.D. Wis. 2008)**.

### III. Analysis

Here, Ford claims that an individualized determination concerning his placement in an RRC did not take place and that BOP policy - either officially or unofficially - establishes six months or less as the usual for RRC placement. He maintains that he should have more time at the RRC because of the $10,000 he was required to pay in restitution. The record reflects otherwise. In Ford's February 16, 2010 Administrative Remedy Procedure for Inmates Informal Resolution Form, a correctional counselor noted: "You were reviewed for RRC placement utilizing the 5-factor criteria outlined in the 2nd Chance Act. It was determined that 180 days RRC placement is sufficient for job search and -re-integration into the community." (Doc.

1-1, p.1). Also in that document, Ford's Unit Manager reiterated the counselor's findings: "You have been reviewed using the 5-factor criteria ...." *Id.* Thereafter on March 12, 2010, Warden Sherrod denied Ford's administrative remedy based on those findings.[2] Moreover, Pamela Stroud, a Case Manager, at FCI Greenville stated in her declaration: "In reviewing Inmate Ford for RRC placement, the factors of 18 U.S.C. § 3621(b) were considered. As his case manager, I determined that Inmate Ford was appropriate for RRC placement, but that six months placement should be sufficient reintegration into the community. If during my review, I had determined that more than six months may be necessary, I was not prohibited from recommending him for additional RRC placement. The recommended RRC date was made with consideration of Inmate Ford's documented family and community ties, financial resources, and general job skills." She further declared that Ford's "financial obligations were not considered a significant reason to recommend a longer RRC placement." (Doc. 15-1, Exhibit B).

Based on the record, the Court concludes that the BOP followed the provisions of 28 C.F.R. § 570.22, and considered the relevant factors in the 18 U.S.C. § 3621(b) in making its assessment. It is not the role of the Court to conduct an independent review of the 18 U.S.C. § 3621(b) factors and make a *de novo* determination as to Ford's placement in a RRC. Rather, the BOP's decision is

---

[2]In response to Ford's Administrative Remedy, Warden Sherrod stated: "Your Unit Team has evaluated your case utilizing the new standards set forth by the Act. Based upon the amount of time you have served, your release needs, and your ties to the community it has been determined you can successfully reintegrate into society within the 6 months of RRC placement." (Doc. 1-1, p. 4).

entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. Ford has not shown that BOP's decision in his case implicates any of these concerns.

Furthermore, even if this Court were to determine that the BOP's decision was arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute, it does not appear that it would be able to order immediate RRC placement, but rather, would merely direct the BOP to reconsider its decision in light of the Second Chance Act's requirements. ***See, e.g., Michael v. Shartle*, 2010 WL 2817223, \*3 (N.D. Ohio, July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement.").**

## IV. Conclusion

Accordingly, the Court **DENIES** Ford's habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court **DISMISSES with prejudice** this matter. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 8th day of October, 2010.

/s/     *David R Herndon*
**Chief Judge
United States District Court**